Appellants John and Mary Donahue appeal a judgment of the Muskingum County Court of Common Pleas, dismissing their action against appellee Thomas Littick, dba D D Marina:
ASSIGNMENTS OF ERRORS:
 I. THE TRIAL COURT ERRED IN FINDING APPELLANTS GAVE PERMISSION TO ENCROACH ON THEIR PROPERTY, SAID FINDING BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN NOT FINDING AND AWARDING DAMAGES FOR TRESPASS, SAID FINDING BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN FINDING THE DEFENSES OF WAIVER, ESTOPPEL, ACQUIESCENCE, LACHES AND CONSENT ALL BARRED THE APPELLANTS FROM THE REMEDY OF EJECTMENT, SAID FINDING BE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 IV. THE TRIAL COURT ERRED IN GRANTING AN INAPPROPRIATE REMEDY FOR EJECTMENT, TO-WIT: A FORCED SALE OF LAND FOR $1,500, SAID REMEDY NOT BEING SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AS TO VALUE AND SAID REMEDY BEING ERRONEOUS AS A MATTER OF LAW.
 V. THE COURT ERRED AS A MATTER OF LAW FINDING THE STATUTE OF LIMITATIONS (FOUR YEARS) BARRED TRESPASSING RELIEF AS REGARDS THE DRY WELLS.
In 1969, appellants purchased approximately three acres along the Muskingum River. Appellants used the land as a family fishing camp during the summers, and occasionally on weekends during the rest of the year. Appellee owns the property next to appellants' property. Appellee purchased the property in 1996 from Donald Miller and Don Sidwell, who also did business as D D Marina.
In 1997, appellants began to complain that appellee allowed paddle boats and other boats to be moored on their property with long ropes, allowing the boats to drift directly in front of appellants' property. Appellants further complained that appellee would tie his boat to a tree belonging to appellants. In addition, appellants complained that an iron boom, several feet long, was permitted to encroach onto their property.
To determine the exact boundaries, appellants had a survey done of the property boundaries. The survey concluded that a dry well sewer system, installed in 1990 by appellee's predecessor in title, extended onto appellants' property by approximately one foot. Appellants brought the instant action in trespass, unjust enrichment, and ejectment. Following a bench trial, the court dismissed appellants' claims. Further, the court ordered appellants to sell appellee a two-foot strip of property for $1,500.
 I. II.
Appellants argue that the judgment dismissing their claim for trespass is against the manifest weight of the evidence. Appellants specifically argue that the court erred in finding that they consented to the trespass at the time of the installation of the dry filter system.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court. C.E. MorrisCompany vs. Foley Construction Company (1978), 54 Ohio St.2d 279. Where a case turns on credibility, we must defer to the findings of the trial court. Myers vs. Garson (1993), 55 Ohio St.3d 610,614.
In the instant case, Donald Miller testified that he owned the property adjoining appellants' property from 1989 through 1996. In April of 1990, he installed a dry filter system on the property. He testified that at the time of the installation, appellants said to him, "If you need more ground, just go ahead and put it in over here." Tr. 66. He testified that appellants never objected to the dry filter system slightly encroaching onto their land, or to boats being tied to their trees during the time he owned the property.
The judgment of the court finding that appellants consented to the installation of the dry filter system over their property line is not against the manifest weight of the evidence.
The first and second Assignments of Error are overruled.
 III.
Appellants argue that the judgment finding their action for ejectment barred by the affirmative defenses of waiver, estoppel, acquiescence, laches, and consent, is against the manifest weight of the evidence.
The elements of laches are: (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such delay, (3) knowledge, actual or constructive, of the injury of the wrong, and (4) prejudice to the other party. State, ex rel.Cater vs. City of North Olmstead (1994), 69 Ohio St.3d 315,325.
The court found that appellants filed the complaint seven years after the dry filter system had been installed and approved by the Muskingum County Health Department, which was an unreasonable delay or lapse of time. The court found no excuse for such delay, as the dry filter system was visible from the time it was placed in the ground in April of 1990. There was evidence that appellants had knowledge of the injury or wrong, as Mr. Donahue told Donald Miller he could install the filter system over the property line if he needed more ground. The court further found that requiring appellee to move the filter system would be unreasonably prejudicial, as appellee did not install the system, and the cost to rebuild the system would be several thousand dollars. Therefore, appellee would be required to undertake to move something that he did not install, which did not bother appellants for seven years.
The judgment finding the ejectment action barred by laches is not against the manifest weight of the evidence.
The third Assignment of Error is overruled.
 IV.
Appellants argue that the court's judgment ordering them to sell a two-foot strip of property to appellee for $1,500 is an inappropriate remedy. We agree. In the instant case, appellee did not file any type of counter-claim seeking a remedy against appellants. We know of no authority which would allow the trial court to fashion a remedy such as the one in the instant case, where the court has dismissed all causes of action.
The fourth Assignment of Error is sustained.
 V.
Appellants argue that the court's finding that their cause of action in trespass was filed outside the four-year statute of limitations is incorrect as a matter of law. Despite the court's ruling on the statute of limitations issue, the court did address the claim on the merits, finding that appellants had consented to the encroachment. As discussed in Assignments of Error I. and II. above, this judgment was not against the manifest weight of the evidence. Therefore, the issue of the statute of limitations is rendered moot by the disposition of the claim on the merits.
The fifth Assignment of Error is overruled.
The judgment of the Muskingum Court of Common Pleas dismissing appellants' complaint is affirmed. The judgment ordering appellants to convey a two-foot strip of property to appellee in exchange for $1,500 is vacated.
By: Reader, V.J., Wise, P. J. and Gwin, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum Court of Common Pleas dismissing appellants' complaint is affirmed. The judgment ordering appellants to convey a two-foot strip of property to appellee in exchange for $1,500 is vacated. The costs of this action are to be divided equally between appellants and appellee.
-----------------------
-----------------------
 ----------------------- JUDGES